**Lee G. DOSIER, Plaintiff,**

v.

**BURNS INTERNATIONAL SECURITY SERVICES, Randall Cain, Does I through XX, inclusive, Defendants.**

**No. C–89–2145–WWS.**

United States District Court, N.D. California.

Jan. 31, 1990.

Bruce J. Highman and Louis A. Highman, San Francisco, Cal., for plaintiff.

Michael L. Wolfram and John F. Guest, Los Angeles, Cal., for defendants.

## ORDER

SCHWARZER, District Judge.

Plaintiff Lee Dosier commenced this action in California Superior Court charging sex discrimination and breach of the covenant of good faith and fair dealing. The first cause of action of her complaint alleges that in July 1986 defendants subjected her to sexual harassment in violation of Cal.Govt.Code § 12940 *et seq.;* the second cause of action alleges that in September 1986 defendants constructively discharged her in violation of the covenant of good faith and fair dealing. Defendant Burns International Security Services, then the only defendant served, timely removed the action to this Court. Plaintiff has moved to remand.

Defendant was a party to a collective bargaining agreement covering plaintiff's bargaining until September 30, 1984, when its term expired. In July 1984, defendant entered into negotiations with the International Union of Security Officers ("the Union") which was plaintiff's bargaining representative. In September 1984, defendant made a final contract proposal. On November 12, 1984, the Union notified defendant that its membership had rejected the final proposal. According to defendant's vice president of operations, Edmund A. Regelbrugge, defendant

> responded that (1) the parties were at a legal impasse, (2) the Company would implement the economic terms of its final offer, (3) the union security, dues checkoff and arbitration provisions of the [expired] agreement would not be enforced by Burns, and (4) the grievance procedures and the remaining provisions of the [expired] agreement would remain in full force and effect. The balance of Burns' final offer (i.e., the proposed language changes) were withdrawn by my letter dated November 30, 1984 ...

(Dec. of Regelbrugge, para. 4) The November 30, 1984, letter, however, did not refer to any provisions that would remain in effect. That letter, addressed to the Union, states:

> This is to notify you that due to the Union's failure to accept the Company's final offer, and because of changed circumstances, the Company's final offer is hereby withdrawn.
>
> The Company is prepared to fulfill any legal obligations that it may have with respect to its employees.

(Mot. to remand, ex. 3)

During the 1984 negotiations, the Union called a strike. Defendant maintained in effect certain provisions of the expired agreement as well as certain of the economic terms of its final proposal, and some employee grievances were processed. When the Union filed an unfair labor practice charge alleging in part that defendant had unilaterally implemented terms and conditions of employment prior to reaching an impasse in negotiations, the NLRB's regional director rejected the charge and refused to issue a complaint. The Union ended the strike in 1985 and the employees returned to work.

 Where a motion to remand has been filed, the burden is on the removing defendant to establish the existence of federal subject matter jurisdiction. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1194–95 (9th Cir.1988); *Salveson v. Western States Bankcard Ass'n*, 525 F.Supp. 566, 571 (N.D.Cal.1981), *aff'd* 731 F.2d 1423 (9th Cir. 1984). Defendant contends that the second cause of action for breach of the covenant of good faith and fair dealing is preempted under section 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a) ("section 301"), because the employment relationship between plaintiff and defendant was governed by a collective bargaining agreement. Where a claim requires interpretation of a collective bargaining agreement, section 301 completely preempts state law, *Miller v. AT & T Network Systems*, 850 F.2d 543, 545 (9th Cir. 1988), and the action is removable on the basis of federal question jurisdiction, 28 U.S.C. §§ 1331, 1441(a). Thus section 301 preempts state law claims for breach of the covenant of good faith and fair dealing brought by employees covered by a collective bargaining agreement. *E.g., Newberry v. Pacific Racing Assn.*, 854 F.2d 1142, 1147 (9th Cir.1988).

■ The issue, therefore, is whether plaintiff was covered by a collective bargaining agreement in 1986. There is no question that the old agreement had expired according to its terms. Defendant "[could] not unilaterally extend an expired collective bargaining agreement; the rights and liabilities of parties under section 301 must be the product of collective bargaining." *Overby v. Chevron USA, Inc.*, 884 F.2d 470, 474 (9th Cir.1989). Since for purposes of section 301, the expired agreement no longer existed, state law claims that might implicate its terms are not preempted by section 301. *Id.*

■ Thus, plaintiff's claim is preempted only if a new collective bargaining agreement had come into existence after expiration of the old one. Defendant contends that a collective bargaining agreement existed in 1986 composed of the terms and conditions that defendant offered and implemented in 1984 and which the Union accepted by returning to work in 1985. Defendant correctly states that normal rules of offer and acceptance determine the existence of a collective bargaining agreement; "Union acceptance of an employer's final offer is all that is necessary to create a contract ..." *Warehousemen's Union Local No. 206 v. Continental Can Co.*, 821 F.2d 1348, 1350 (9th Cir.1987). In this case, it is undisputed that defendant explicitly withdrew its final offer. After the letter of November 30, 1984, there was no longer an offer the Union could accept. Defendant, far from manifesting an intent to be bound to particular specified terms should the Union accept them, specifically limited its obligations to "any legal obligations that it may have with respect to its employees." The facts of this case are distinctly different from those of *Taft Broadcasting Co. v. NLRB*, 441 F.2d 1382 (8th Cir.1971), on which defendant relies. There, after the union rejected the employer's final offer, the employer sent a letter to the union spelling out the terms and conditions of employment which it would observe. The NLRB held, and the court agreed, that the employer was bound to comply with those terms because the union had accepted them by working under them.

In this case, of course, defendant made no offer or other commitment; whatever its representative may have said in the negotiations on November 12, 1984, the subsequent letter made it unmistakenly clear that there was no longer an offer for the Union to accept. The issue, therefore, is not, as defendant would have it, whether silent acquiescence may constitute acceptance, but whether there was anything to accept. Here, clearly, there was not.

The fact that Union employees returned to work after the strike on the terms and conditions then being implemented by defendant cannot form the basis of a contract. There is no evidence that defendant ever considered itself bound by any contract when the employees returned to work; in light of its conduct during 1984, it would undoubtedly have vigorously rejected any suggestion in 1986 that it was bound by a collective bargaining agreement. And it would most certainly have responded to any such suggestion by pointing out that nowhere are the terms of such an agreement set out for the parties to see and determine their rights and obligations. Defendant's memorandum attributes to the Union's president testimony "that the Union regarded its contract with Burns as continuing throughout this period." (Memo pp. 10–11) This testimony was given in 1985 in a different lawsuit. When asked whether there was then a collective bargaining agreement in effect between the Union and defendant, the Union president replied: "That's a good question. We say yes, they say no." When asked for the Union's position, he said: "Well, my position is neither party has notified the other that they were terminating the contract." For defendant to argue that this supports its contention that the Union considered a contract to have been formed on the basis of the terms implemented by defendant after its withdrawal of the final offer is, at best, frivolous. The most that can be said of this testimony is that the Union considered the old contract to have remained in effect, a position emphatically rejected by defendant. And it certainly did not indicate an awareness of an offer open for

the Union's acceptance. In any event, the testimony on which defendant relies establishes that, under normal rules of contract formation, there never was a meeting of the minds.

In the absence of a collective bargaining agreement covering plaintiff, this Court lacks subject matter jurisdiction and the action will be remanded to the Superior Court in and for the City and County of San Francisco.

IT IS SO ORDERED.